Matter of Dayonna W. v Jhon S. (2022 NY Slip Op 00294)





Matter of Dayonna W. v Jhon S.


2022 NY Slip Op 00294


Decided on January 18, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2022

Before: Renwick, J.P., Webber, Oing, Scarpulla, Pitt, JJ. 


Docket No. O-04970-20 Appeal No. 15071 Case No. 2021-02268 

[*1]In the Matter of Dayonna W., Petitioner-Respondent,
v
Jhon S., Respondent-Appellant.


Larry S. Bachner, New York, for appellant.
Steven P. Forbes, Huntington, for respondent.



Order of protection, Family Court, New York County (Jane Pearl, J.), entered on or about June 11, 2021, which, upon a fact-finding determination that respondent committed the family offenses of harassment in the second degree and assault in the third degree, directed him, inter alia, to stay away from petitioner until June 10, 2023, unanimously affirmed, without costs.
Although the court did not set forth the basis for finding that respondent committed the family offenses of second degree harassment and assault in the third degree, we find that remand is not required because "the record is sufficiently complete to allow this Court to make an independent factual review and draw its own conclusions" (Matter of Charlene R. v Malachi R., 151 AD3d 482, 482 [1st Dept 2017] [internal quotation marks omitted]; Matter of Allen v Black, 275 AD2d 207, 209 [1st Dept 2000]).
Here, a fair preponderance of the evidence supports Family Court's finding that respondent committed the family offense of assault in the third degree (see Family Ct Act § 832; Penal Law § 120.00[1]). Petitioner's testimony, which the trier of fact found credible, establishes that on May 11, 2020 respondent physically impaired petitioner and inflicted substantial pain upon petitioner when respondent grabbed her right wrist, pushed her, slammed a shopping cart into her right foot cutting it and then pushed her into a wall. Respondent's actions left her wrist bruised, sore and tense the next morning, the cut to petitioner's foot "was burning" afterwards, and she sustained a bruise and cut near her right collar bone. In addition, petitioner submitted photographs documenting her injuries from the May 11, 2020 incident and we find that the photographs in evidence when taken together with petitioner's testimony supports the inference that when respondent grabbed, pushed and slammed a shopping cart onto petitioner's foot, he did so with the intent to cause her physical injury (see Family Ct Act § 832; People v Steinberg, 79 NY2d 673, 682 [1992]).
The fair preponderance of the evidence also supports the finding that respondent committed the family offense of harassment in the second degree, i.e., that he intentionally engaged in a course of conduct or repeatedly committed acts which alarmed or seriously annoyed petitioner, and which served no legitimate purpose (see Family Ct Act § 832; Penal Law § 240.26[3]; see Matter of Anthony B. v Judy M., 167 AD3d 476 [1st Dept 2018]). Petitioner testified that on May 18, 2020, after respondent stated on numerous occasions that he was going to take her child away from her, he attempted to remove her child from her vehicle without her permission, screamed obscenities at petitioner, followed petitioner with her child even after petitioner repeatedly told him to leave them alone and then took a photograph of her vehicle's license plate while telling her that she was going to see how serious he was, which left her feeling unsafe and caused her to temporarily [*2]relocate to another address (see Matter of Jasna Mina W. v Waheed S., 170 AD3d 572, 573 [1st Dept 2019]). Furthermore, respondent testified that after he approached petitioner and the child that day, he continued following them while asking petitioner where she was going with the child even after she told him to leave them alone (see Matter of Vanessa R. v Christopher A.E., 173 AD3d 412, 413 [1st Dept 2019], lv denied 34 NY3d 948 [2019]).
Finally, in determining the length of the order of protection to impose, the court was not required to consider the fact that a temporary order of protection had been in effect for about two years (see Family Court Act § 842).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2022